JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Raj K. Patel, <br><br> v. <br><br> The United States, <br><br> PLAINTIFF(S) <br><br> DEFENDANT(S) | CASE NUMBER <br><br> 2:23-cv-06281-CBM-SK <br><br> ORDER ON REQUEST TO PROCEED <br> *IN FORMA PAUPERIS* <br> (NON-PRISONER CASE) |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:


**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

  ☒ The District Court lacks  ☒ subject matter jurisdiction  ☐ removal jurisdiction.
  ☐ The action is frivolous or malicious.
  ☐ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:





If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| August 7, 2023 | *[signature]* |
| Date | United States District Judge |

CV-73 (07/22)   **ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)**

On August 1, 2023, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis. (ECF Nos. 1, 3.) Plaintiff requests that the Court grant a writ of mandamus against the United States pursuant to 28 U.S.C. §§ 1361 and 1651. (ECF No. 1 at 1.) Plaintiff seeks protection from biotechnology to vindicate his constitutional rights to safety and happiness. (Id. at 4, 12.)

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996) (per curiam). Sovereign immunity, which shields the United States from suit absent a consent to be sued, is a threshold jurisdictional issue. Donovan v. Vance, 70 F.4th 1167, 1172 (9th Cir. 2023).

Neither of the two statutes cited by Plaintiff provides a basis for federal jurisdiction. "The mandamus statute, 28 U.S.C. § 1361, is not a consent to suit by the sovereign." Smith v. Grimm, 534 F.2d 1346, 1352 n.9 (9th Cir. 1976) (citation omitted). Nor does 28 U.S.C. § 1651, which permits issuance of a writ in aid of an issuing court's jurisdiction, provide an independent source of federal jurisdiction. See Perez v. Barr, 957 F.3d 958, 967 (9th Cir. 2020) (noting that 28 U.S.C. § 1651 "cannot enlarge a court's jurisdiction" or authorize "ad hoc writs") (citations omitted). Because Plaintiff has not shown a waiver of sovereign immunity permitting his suit, the Complaint is dismissed for lack of federal jurisdiction.

Finally, amendment would be futile. It is not apparent how the Complaint could be amended to state a basis for federal jurisdiction. Thus, the Complaint is dismissed without leave to amend. See Cato v. United States, 70 F.3d 1103, 1105 (9th Cir. 1995) (holding that the dismissal of a complaint for lack of subject matter jurisdiction without leave to amend was proper where it was not apparent how plaintiff could overcome sovereign immunity). Moreover, the Complaint is dismissed without prejudice. See Missouri ex rel. Koster v. Harris, 847 F.3d 646, 656 (9th Cir. 2017) ("In general, dismissal for lack of subject matter jurisdiction is without prejudice.").