UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJ K. PATEL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>THE UNITED STATES,<br><br>　　　　　　Defendant. | Case No. 2:23-cv-06281-CBM (SKx)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION [ECF No. 11]** |

　　On August 1, 2023, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis. (ECF Nos. 1, 3.) The Complaint sought a writ of mandamus against the United States pursuant to 28 U.S.C. §§ 1361 and 1651. (ECF No. 1 at 1.) Plaintiff sought to compel the United States to protect him from biotechnology to vindicate his constitutional rights to safety and happiness. (*Id.* at 4, 12.)

　　On August 3, 2023, the Court denied the Request to Proceed In Forma Pauperis and dismissed the Complaint for lack of subject matter jurisdiction. (ECF No. 7.) On that date, the case was closed.

　　On August 3, 2023, Plaintiff filed a motion for electronic notice and, on August 7, 2023, he filed an Amended Complaint. (ECF Nos. 8-9.) On August 9, 2023, the Court rejected the filings because the case was closed.

1    Now pending are Plaintiff's Motion for Reconsideration, filed on August 9, 2023, and an Amended Pro Se Emergency Motion for Reconsideration, filed on August 14, 2023 ("Motions").  (ECF Nos. 11-12.)  Because the Motions were filed less than 28 days after the Court's Order of dismissal, the Motions are treated as motions to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e).  *See Hanson v. Shubert*, 968 F.3d 1014, 1017 n.1 (9th Cir. 2020).  Rule 59(e) applies to a judgment or, as in this case, "any order from which an appeal lies." *United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000).

Relief under Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  Such relief should not be granted "unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (emphasis in original).  Here, because Plaintiff does not allege the existence of newly discovered evidence or an intervening change in the controlling law, the Motion is construed as alleging clear error.

Plaintiff has not demonstrated clear error in the Court's dismissal of his Complaint for lack of jurisdiction.  In his Motions, he suggests that jurisdiction exists because "legal mandamus is [a] remedy like medical healthcare" and because the United States "has the medical technology" to help him.  (ECF No. 11 at 4; ECF No. 12 at 4.)  To the contrary, as previously explained to Plaintiff, the applicable statutes relating to mandamus do not provide a basis for jurisdiction in this case. Title 28 U.S.C. § 1361 is not a consent to suit by the United States, and 28 U.S.C. § 1651 is not an independent source of federal jurisdiction.  (ECF Nos. 7, 10.)

Plaintiff also suggests that jurisdiction exists because the United States can be compelled to perform its duty, under the Take Care Clause, to protect him from biotechnology.  (ECF No. 11 at 4; ECF No. 12 at 4.)  The Take Care Clause,

however, does not provide a private cause of action. *See Las Americas Immigrant Advocacy Center v. Biden*, 571 F. Supp. 3d 1173, 1180 (D. Or. 2021). Nor can such an alleged "duty" be properly characterized as merely "ministerial," as Plaintiff alleges. (ECF No. 11 at 9; ECF No. 12 at 11.) *See Las Americas Immigrant Advocacy Center*, 571 F. Supp. 3d at 1180 (describing a "ministerial duty" as a "simple, definite duty" in which "nothing is left to discretion").

Plaintiff also suggests that jurisdiction exists under the "Big Tucker Act" for his claim for damages against the federal government. (ECF No. 11 at 17; ECF No. 12 at 18.) But jurisdiction under the Big Tucker Act is proper only in the United States Court of Federal Claims. *See Ford Motor Co. v. United States*, 571 U.S. 28, 30 (2013) (*per curiam*); *Metzinger v. Department of Veterans Affairs*, 20 F.4th 778, 781 (D.C. Cir. 2021).

Finally, Plaintiff requests a writ of mandamus against the following additional Defendants: the Governors of California and Indiana, and the Federal Bureau of Investigation. (ECF No. 11 at 24; ECF No. 12 at 26.) The Court lacks jurisdiction to grant a writ of mandamus against any of these individuals or entities. *See Clark v. State of Wash.*, 366 F.2d 678, 681-82 (9th Cir. 1966) (recognizing that district courts lack jurisdiction to issue writs of mandamus against state officials); *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1188 (9th Cir. 1998) (recognizing that Congress has not authorized suits against federal agencies).

## ORDER

Plaintiff's Motions for Reconsideration (ECF Nos. 11-12) are denied.

DATED: AUGUST 15, 2023

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE